**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JIAN ZHANG, | No. 11-70286 |
| Petitioner, | Agency No. A075-741-399 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 10, 2013[**]

Before:     HAWKINS, McKEOWN, and BERZON, Circuit Judges.

Jian Zhang, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings.  We have jurisdiction under 8 U.S.C. § 1252.  We review for

---

   [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

an abuse of discretion the BIA's denial of a motion to reopen. *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003). We deny the petition for review.

The BIA did not abuse its discretion in denying Zhang's motion to reopen as untimely where it was filed more than seven years after the final order of removal, *see* 8 U.S.C. § 1229a(c)(7)(C)(i), and Zhang did not demonstrate there was a material change in circumstances in China to qualify for the regulatory exception to the filing deadline, *see He v. Gonzales*, 501 F.3d 1128, 1132 (9th Cir. 2007) (a change in personal circumstances does not establish changed country conditions), and did not show he was entitled to equitable tolling, *see Iturribarria*, 321 F.3d at 897 (deadline for filing motion to reopen can be equitably tolled "when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence").

Petitioner's remaining contentions are unavailing.

**PETITION FOR REVIEW DENIED.**

11-70286